Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000316
31-AUG-2017
09:42 AM

NO. CAAP-16-0000316

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAII, Plaintiff-Appellee,
v.
NAPALI PAA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 14-1-0606(1))

SUMMARY DISPOSITION ORDER
(By: Fujise and Ginoza, JJ., with
Nakamura, C.J., concurring separately)

Defendant-Appellant Napali Paa (**Paa**) appeals from the Judgment of Conviction and Sentence, filed on February 4, 2016, and the Amended Judgment of Conviction and Sentence (**Amended Judgment**), filed on February 5, 2016, in the Circuit Court of the Second Circuit (**circuit court**).[1] Paa entered a plea of no contest on the following three counts: Count Two, Robbery in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-841(1)(a) (2014); Count Six, Assault in the First Degree in violation of HRS § 707-710(1) (2014); and Count Eight, Robbery in the First Degree in violation of HRS § 708-840(1)(b) (2014).[2] In

---

[1] The Honorable Rhonda I.L. Loo, presided.

[2] Paa was indicted on twelve counts: Count One, Kidnapping in violation of HRS § 707-720(1)(c) (2014); Count Two, Robbery in the Second Degree in
(continued...)

the Amended Judgment, Paa was sentenced to ten (10) years incarceration for Count Two, ten (10) years incarceration for Count Six, and twenty (20) years incarceration for Count Eight, with the sentences to run consecutively.

In his opening brief, Paa contends that the circuit court: (1) committed plain error because it based Paa's sentence on facts not in the record; (2) erred when it imposed the maximum consecutive terms of imprisonment without considering Paa's youthful age and violated Paa's rights under the Fifth, Sixth, and Eighth Amendments to the United States Constitution and Article I, Sections 5 and 12 of the Hawai'i State Constitution; and (3) committed plain error by imposing consecutive terms of imprisonment without a jury to decide the factors set forth under HRS § 706-606 (2014).

In its answering brief, Appellee State of Hawai'i (**State**) disputes Paa's points of error. However, the State also asserts that the case should be remanded: to correct an apparent clerical error in the dismissal of counts against Paa; and to address a "procedural error in the change of plea colloquy." Regarding the first issue, it appears that after the Amended Judgment was issued, the circuit court approved the State's ex parte motion to dismiss counts against Paa, but the motion incorrectly included dismissal of Count Two, to which Paa had pled no contest. Regarding the second issue, the State notes that for Paa's waiver of jury trial (as part of the no-contest plea), the circuit court's colloquy with Paa did not mention any

---

[2] (...continued)
violation of HRS § 708-841(1)(a); Count Three, Assault in the Second Degree in violation of HRS § 707-711(1)(a) (2014); Count Four, Unauthorized Control of a Propelled Vehicle in violation of HRS § 708-836 (2014); Count Five, Robbery in the First Degree in violation of HRS § 708-840(1)(b) (2014); Count Six, Assault in the First Degree in violation of HRS § 707-710(1); Count Seven, Unauthorized Control of a Propelled Vehicle in violation of HRS § 708-836; Count Eight, Robbery in the First Degree in violation of HRS § 708-840(1)(b); Count Nine, Assault in the First Degree in violation of HRS § 707-710(1); Count Ten, Burglary in the First Degree in violation of HRS § 708-810(1)(c) (2014); Count Eleven, Attempted Unauthorized Control of a Propelled Vehicle in violation of HRS § 708-836 and HRS § 705-500 (2014); and Count Twelve, Unauthorized Control of a Propelled Vehicle in violation of HRS § 708-836.

2

of the four factors set out in <u>United States v. Duarte-Higareda</u>, 113 F.3d 1000, 1002 (9th Cir. 1997).

Given the State's concession in its answering brief that the circuit court's colloquy failed to address any of the four <u>Duarte-Higarda</u> factors for waiving jury trial, Paa asserts in his reply brief that this case should be remanded to allow him to file a motion to withdraw his no-contest plea.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we must vacate the judgments and remand this case to the circuit court.

As an initial matter, the issue of whether Paa validly waived his right to a jury trial was not raised in the circuit court and it was not raised in his opening brief as a point of error on appeal. However, because the State raised the issue in its answering brief and Paa asserts error related to his no contest plea in his reply brief, we address it. As Paa asserts in his reply brief, the Hawai'i Supreme Court recently stated:

> It is <u>plain error</u> for a trial judge to accept a defendant's guilty plea without an affirmative showing that it was intelligent and voluntary. *[State v. Vaitogi]*, 59 Haw. at 601-02, 585 P.2d at 1264-65. Further, the validity of a guilty plea must be explicitly shown on the record. *Vaitogi*, 59 Haw. at 602, 585 P.2d at 1265. <u>Because a guilty plea involves the waiver of several important constitutional rights, including the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers, the record must also explicitly establish a valid waiver of these constitutional rights</u>. *[State v. Solomon]*, 107 Hawai'i at 127, 111 P.3d at 22.

<u>State v. Krstoth</u>, 138 Hawai'i 268, 273, 378 P.3d 984, 989 (2016)(emphasis added). "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Hawai'i Rules of Penal Procedure (**HRPP**) Rule 52(b). As stated by the supreme court, "this Court will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice,

and to prevent the denial of fundamental rights." State v. Friedman, 93 Hawaiʻi 63, 68, 996 P.2d 268, 273 (2000) (citations omitted). In Gomez-Lobato, the supreme court held that a trial court's failure to obtain a valid waiver of jury trial constituted plain error and therefore addressed the issue even though it was raised for the first time on appeal. See State v. Gomez-Lobato, 130 Hawaiʻi 465, 469 n.4, 312 P.3d 897, 901 n.4 (2013).

"A trial judge is constitutionally required to ensure that a guilty plea is voluntarily and knowingly entered." Krstoth, 138 Hawaiʻi at 273, 387 P.3d at 989 (citation omitted). "In determining the voluntariness of a defendant's proffered guilty plea, the trial court 'should make an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.'" Id. (citation omitted).

"The validity of the waiver of a right to a jury trial is reviewed under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." Id. at 274-75, 387 P.3d at 990-91 (quotation marks omitted)(citing Gomez-Lobato, 130 Hawaiʻi at 470, 312 P.3d at 902).

Here, in light of the recent case law regarding the waiver of jury trial and considering the totality of the circumstances, the record fails to affirmatively establish a voluntary, knowing, and intelligent waiver of jury trial by Paa, and thus the record does not establish that he understood the consequences of his no contest plea. Paa's no contest plea stated in relevant part:

> 5. I know I have a right to plead not guilty and have a speedy and public trial by jury or by the court. I know that in a trial the government is required to prove my guilt beyond a reasonable doubt. I know I can see, hear and question witnesses who testify against me, and that I may call my own witnesses to testify for me at trial. I understand I have the right to take the stand to testify and I have the right not to testify at trial. I know by pleading

4

> I give up the right to file any pre-trial motions, and I give up the right to a trial and may be found guilty and sentenced without a trial of any kind. I also give up the right to appeal anything that has happened in this case to date.

(Emphasis added.)  In the hearing regarding Paa's no-contest plea, the circuit court's colloquy with Paa related to waiver of a trial was as follows:

> THE COURT: Knowing the penalties you face, Mr. Paa, do you still wish to plea no contest?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that you have the <u>right to speedy and public trial by jury</u>, but that by pleading no contest, you are giving up your right to a trial?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that you have the right to a trial no matter how strong the evidence against you?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that if you demand a trial, the State must prove you guilty beyond a reasonable doubt?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that if you demand a trial, your lawyer can cross-examine the witnesses against you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that if you demand a trial, you have the right to testify or to remain silent?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that if you demand a trial, you have the right to call and present your own witnesses?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that by pleading no contest, you are giving up all these rights?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that if you plea no contest there will be no trial at all?
>
> THE DEFENDANT: Yeah.

THE COURT: Do you understand that if I accept your no contest plea, I will find you guilty and sentence you without a trial?

THE DEFENDANT: Yeah.

THE COURT: Do you understand that by pleading no contest, you're giving up your right to an appeal?

THE DEFENDANT: Yeah.

THE COURT: Do you understand that after you are sentenced, you will not be allowed to change your mind and go to trial if, for example, you do not like the kind of sentence you receive?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you wish, you can maintain your plea of not guilty and have a trial on the charges against you?

THE DEFENDANT: Yeah.

THE COURT: Are you pleading no contest because someone is threatening you or forcing you to do so?

THE DEFENDANT: No.

THE COURT: Anyone putting any pressure on you?

THE DEFENDANT: No.

THE COURT: Are you pleading no contest voluntarily of your own free will?

THE DEFENDANT: Yeah.

(Emphasis added.)

Paa has a ninth grade education,[3] was nineteen years old when he appeared for his change of plea hearing, and did not have a prior criminal record.  With regard to waiver of jury trial, the supreme court has advised trial courts to conduct Duarte-Higareda's suggested colloquy, but has rejected the argument that such a colloquy is required in every case.  Gomez-Lobato, 130 Hawai'i at 470, 312 P.3d at 902.  In Duarte-Higareda, a four-part colloquy was established for a waiver of jury trial in which a defendant is to be advised that: "(1) twelve members

---

[3]  In the change of plea hearing, the following exchange took place regarding Paa's education: "THE COURT: How much education have you had? THE DEFENDANT: Um, I think until the ninth grade."

6

of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." Duarte-Higareda, 113 F.3d at 1002.

Recently, in Krstoth, the supreme court held that a waiver of jury trial was invalid where the defendant was twenty-two years old, had a tenth grade education, and did not read or write English, and where the trial court's colloquy regarding a change of plea only mentioned Duarte-Higareda's first advisement, but not the other three. Krstoth, 138 Hawaiʻi at 270, 275, 378 P.3d 986, 991. The supreme court held that:

> [e]specially considering Krstoth's education and limited English proficiency, this advisement regarding his right to jury trial was clearly deficient, and does not establish on the record an intelligent, knowing, and voluntary waiver of his right to jury trial, as required by *Solomon*. Thus, the record of the change of plea colloquy does not establish Krstoth's waiver of his constitutional right to a jury trial.

Id. at 275, 378 P.3d at 991.

Here, as the parties agree, the circuit court's colloquy with Paa does not address any of the Duarte-Higareda advisements. With regard to a jury trial, the circuit court only advised Paa that he has a "right to speedy and public trial by jury, but that by pleading no contest, you are giving up your right to a trial." Paa was not advised that a jury is composed of twelve members from the community, that he may take part in jury selection, that a jury verdict must be unanimous, or that he had a right to a bench trial and that the court alone decides whether a defendant is guilty if a jury trial is waived.

Moreover, the No Contest Plea form which Paa signed on November 23, 2015, does not provide any guidance on the factors discussed in Duarte-Higareda. In any event, the supreme court held in Gomez-Lobato that "while the defendant may execute a written waiver form, the court should also engage in an oral colloquy with the defendant to establish that the waiver was knowing, intelligent, and voluntary." Gomez-Lobato, 130 Hawaiʻi at 469, 312 P.3d at 901 (emphasis added) (citation ommitted).

The record establishes that Paa reads and writes English, and thus <u>Krstoth</u> is distinguishable in this regard. However, in light of the fact that none of the <u>Duarte-Higareda</u> advisements were given to Paa and there was very little discussion in the colloquy about the waiver of jury trial, we cannot say that Paa's case is sufficiently distinguishable from <u>Krstoth</u> to warrant a different result. The case law has emphasized that the record must affirmatively establish a valid waiver. Given that standard and considering Paa's education, age, lack of a prior criminal record, and the totality of the circumstances in this case, the colloquy regarding Paa's right to jury trial was deficient and does not establish on the record an intelligent, knowing, and voluntary waiver of his right to a jury trial.

Given the standards adopted in the cases discussed above and the application of plain error, it does not appear that remand for Paa to file a motion to withdraw his no-contest plea is an appropriate remedy. Rather, it appears that we must vacate the judgments. We thus do not address Paa's points of error regarding his sentencing.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on February 4, 2016, and the Amended Judgment of Conviction and Sentence, filed on February 5, 2016, in the Circuit Court of the Second Circuit are vacated. The case is remanded to the circuit court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, August 31, 2017.

On the briefs:

Dwight C.H. Lum,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

8